IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA
*ex rel.* AMY CLARK, CYNDIE
HOBBS, and BOBBI PHILLIPS                                    PLAINTIFFS

v.                          No. 4:10-cv-711-DPM

ALLEGIANCE SPECIALTY HOSPITAL
and DR. VICTOR WILLIAMS                                      DEFENDANTS

## AMENDED ORDER

Allegiance Specialty Hospital's motion for partial dismissal, *Document No. 27*, is granted. Count II of the plaintiffs' complaint is brought under the False Claims Act, 31 U.S.C. § 3729(a), and alleges that the defendants submitted false Medicaid or Medicare claims to the government for payment of services that did not occur. Because FCA claims are grounded in fraud, however, they "must satisfy Rule 9(b)'s heightened pleading requirement" and "state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (quotation omitted). Count II of the complaint and its supporting facts fall short of this heightened standard. In particular, the complaint simply does not allege the "who, what, where, when, and how" of the alleged fraudulent activity. *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

The plaintiff's motion to amend, incorporated in their response, *Document No. 30*, is denied as futile. Like the original complaint, the additional assertions in Count II of the proposed amended complaint still fail to allege that any fraudulent claim for payment was ever submitted to the government. There is similarly no factual basis to discern who may have submitted such a claim, how it was submitted, or whether the government ever actually paid a false claim on account of the defendants' activity. The amended complaint therefore would not survive a motion to dismiss. *Owen v. General Motors Corp.*, 533 F.3d 913, 921 (8th Cir. 2008).

Allegiance Specialty Hospital's motion for partial dismissal, *Document No. 27*, is granted. Count II of the plaintiffs' complaint is dismissed. This dismissal is without prejudice to the United States' right to assert this claim later against Allegiance Specialty Hospital. The motion to amend embedded in *Document No. 30* is denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 February 2012